**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED COMMUNICATIONS
CORPORATION**                                                                                    **PLAINTIFF**

**V.**                                         **NO. 4:08CV03004**

**AMR INTERNATIONAL, INC.**                                                        **DEFENDANT**

**ORDER**

Pending is AMR International, Inc.'s motion to transfer case. (Docket # 6). Plaintiff has responded and replies and sur-replies have been filed. For the reasons set forth herein, the motion is denied.

On July 30, 2008, AMR International, Inc. (AMRI") and U.S. Bronco Services, Inc. ("Bronco") filed a Complaint against United Communications Corporation ("UCC") in the Common Pleas Court in Butler County, Ohio. In the Complaint AMRI and Bronco acknowledged that each were Delaware corporations with their principal places of business in the State of Ohio. AMRI's complaint asserts claims for breach of a distribution agreement, breach of contract and breach of warranty. On September 3, 2008, UCC removed the Butler County Action to the United States District Court for the Southern District of Ohio, Western Division. UCC has filed a motion to dismiss the Ohio litigation arguing that AMRI is precluded from maintaining the action because it is not licensed in Ohio and UCC is not subject to the in personam jurisdiction of the Ohio Courts.

On August 26, 2008, UCC filed this lawsuit in the Pulaski County Circuit Court. UCC is a corporation formed under the laws of the State of Arkansas with its principal place of business

in Little Rock, Arkansas. The case was removed to this court on September 22, 2008. AMRI requests that the Court transfer this action to the United States District Court for the Southern District of Ohio, Western Division, where the first-filed lawsuit between the parties concerning the same subject matter is pending.

The first filed rule "typically determines, 'in the absence of compelling circumstances,' which of two concurrent federal court actions should proceed to judgment." *Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F. 3d 684, 687 (8th Cir. 2002). "The first-filed rule gives priority when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction in order to conserve judicial resources and avoid conflicting rulings." *Keymer v. Management Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n. 1 (8th Cir.1999).

The Court finds the first filed rule inapplicable in this case because the Ohio and Arkansas cases are not parallel. The Ohio litigation involves an additional party, Bronco and includes separate claims against UCC which are not a part of this case. Additionally, the Court cannot find that the convenience of the parties and witnesses favors jurisdiction in Ohio, thus the interest of justice do not weigh in favor of a transfer.

Accordingly, Defendant's motion to transfer is denied.

IT IS SO ORDERED this 24th day of November, 2008.

James M. Moody
United States District Judge